UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Chase Neill, | Case No. 25-cv-00890 (ECT/ECW) |
| Plaintiff, | |
| v. | |
| | **ORDER** |
| Warden Jared Rardin, Warden of FMC Rochester; Captain Hess; Gronseth, Counselor; Z. Gore, Counselor; Lohann, Special Investigation Supervisor (SIS); Lt. Holbus, SIS Lieutenant; McBeth, Chaplain; Kayode Wemimo, Psychiatric Nurse Practitioner; Doctor Vollmar; Doctor Nancy Jordan; Dr. Hadaway, Clinical Director; and Bush, Attorney, | |
| Defendants. | |

Plaintiff Chase Neill, a federal prisoner, has filed a fifteen-count Complaint generally alleging that officials at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester") violated his right to the free exercise of his religion and then retaliated against him by depriving him of due process and failing to provide him with constitutionally adequate medical care. (Dkt. 1.) Neill has twice requested to proceed *in forma paupers* ("IFP"). (Dkts. 2, 24.) This Court previously ordered Neill to submit additional financial information regarding his IFP application. (Dkt. 18.) Having received a response to this Order, this matter is back before the Court to consider Neill's IFP application.

## I.    LEGAL STANDARD

Neill is a prisoner.[1] *See* 28 U.S.C. § 1915(h).  His IFP applications are therefore subject to the requirements of 28 U.S.C. § 1915(b).  According to this statute—which is part of the Prison Litigation Reform Act of 1995 ("PLRA")—prisoners who are granted IFP status are not excused from paying the court filing fee altogether, as is the case for non-prisoner IFP litigants.  Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount up front.  *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time.").

However, pursuant to section 1915(g),

> in no event shall a prisoner bring a civil action . . . under this section [i.e., proceed *in forma pauperis* ("IFP")] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

---

[1]    Neill was in the custody of the Bureau of Prisons ("BOP") at FMC-Rochester when he initiated this action. (Dkt. 1.)  He has since been transferred to a residential reentry center ("RRC"). (*See* Dkt. 24.)  But he nevertheless remains a prisoner for the purposes of addressing his IFP application under the § 1915(b) of the Prison Litigation Reform Act ("PLRA"). *See, e.g.*, *Ealey v. United States*, No. 8:22CV69, 2022 WL 2715956, at *1 (D. Neb. July 13, 2022).

## II.    ANALYSIS

For his part, Neill has accumulated at least three such "strikes" under 28 U.S.C. § 1915(g).

Strike one: In *Chase Neill v. Jared Maag, et al.*, No. 5:23-cv-03126-JAR (D. Kan.), the Court dismissed Neill's complaint for failure to state a claim, concluding that the favorable termination rule articulated in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) barred his claims. *Id.* (Dkt. 13.)  A dismissal under *Heck* constitutes a strike under 28 U.S.C. § 1915(g). *See Armentrout v. Tyra*, 175 F.3d 1023 (8th Cir. 1999) (per curiam) (unpub. table op.).

Strike two: In *Chase Neill v. Stephen Hunting, et al.*, No. 5:23-cv-3131-JAR (D. Kan.), the Court again dismissed Neill's complaint for failure to state a claim. *Id.* (Dkt. 6.)

Strike three: In *Chase Neill v. Holly Teeter, et al.*, No. 5:23-cv-3143-JAR (D. Kan.), the Court likewise dismissed the case for failure to state a claim. *Id.* (Dkt. 6.)

Strike four: In *Chase Neill v. Sarah Godinez, et al.*, No. 5:23-cv-3149-JAR (D. Kan.), the Court dismissed the lawsuit for failure to state a claim. *Id.* (Dkt. 12.)

In all four instances Neill's complaint was expressly dismissed for failure to state a claim.  Pursuant to 28 U.S.C. § 1915(g), therefore, to commence this action, Neill must pay the full filing fee of $405.00 unless he can establish that "he is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g); *see also Charron v. Allen*, 37 F.4th 483, 486 (8th Cir. 2022) ("Section 1915(g) does not prohibit prisoners from pursuing such claims.  It only limits their ability to proceed IFP.") (cleaned up).

In considering this exception, the United States Court of Appeals for the Eighth Circuit has held that "the requisite imminent danger of serious physical injury must exist at the time the complaint or appeal is filed, not when the alleged wrongdoing occurred." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (citations omitted).  "[A]bsent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury," "general" or "conclusory assertions" are insufficient to invoke the exception to § 1915(g).  *Id*.  Here, none of Neill's filings, including his 80-page complaint, establish any facts suggesting that he is in "imminent danger of serious physical injury."  (*See* Dkt. 1.)  Neill's assertion that his health has been negatively impacted by FMC-Rochester officials' refusal to allow him to practice his religion in accordance with his "sincerely held beliefs" is wholly conclusory. It is worth noting, moreover, that Neill has been transferred to an RRC and is thus no longer subject to the conditions that gave rise to his claims.  (*See* Dkt. 24 at 6; Dkt. 24-1.) Accordingly, Neill has failed to satisfy the "imminent-danger-of-serious-physical-injury" exception to 28 U.S.C. § 1915(g).  Neill's IFP Applications (Dkts. 2, 24) are therefore denied.

### III.   CONCLUSION

If Neill decides to pursue this action, he must pay the full $405 filing fee within 21 days of the date of this Order.  If Neill fails to submit this payment, this Court will recommend dismissing the action without prejudice for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).  As a reminder to Neill, should he pay the full filing fee and submit a second amended complaint, that pleading will still be subject to review pursuant to 28

U.S.C. § 1915A to determine, for example, whether it states a cause of action on which relief can be granted.

## IV.   ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Plaintiff Chase Neill's applications to proceed *in forma pauperis* (Dkts. 2, 24), are **DENIED**.

2. Neill must pay the full filing fee for this action **($405.00)** within 21 days, failing which this Court will recommend that this action be dismissed without prejudice for failure to prosecute.

Dated: May 9, 2025

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge